IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                            Case No. 1:22-CR-00300-KWR

WALTER PALMON EDDINGS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Government's First Motion in Limine to Admit Prior Conviction Documents (**Doc. 60**), Second Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct (**Doc. 61**), Third Motion in Limine to Prohibit Discussion of the Second Amendment (**Doc. 62**), Fourth Motion in Limine to Exclude Evidence of Possible Penalties (**Doc. 63**), and Fifth Motion in Limine to Prohibit Discussion of Unproduced Defense Documents (**Doc. 64**). Of these, the Defendant only objected to the Government's First Motion in Limine to Admit Prior Conviction Documents. **Docs. 67, 70.** The Court held a hearing on these motions on January 22, 2024. **Docs. 49, 81.**

For the reasons stated herein and on the record at the hearing, the Government's Second, Third, Fourth, and Fifth Motions in Limine are **GRANTED**. **Docs. 61, 62, 63, 64.** The Government's First Motion in Limine is **DENIED** in part, as described below. **Doc. 60.**

## DISCUSSION

Mr. Eddings is charged with two counts of possessing a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and 924. **Doc. 17.** In its First Motion in Limine, the United States seeks to a

to introduce evidence of the Defendant's prior conviction documents to prove that the Defendant is a convicted felon, knew he was a convicted felon, and knowingly possessed a firearm in the instant case. **Doc. 60 at 1.**

1. **Mr. Eddings will stipulate to being a person previously convicted of a felony and to his knowledge of his status as a convicted felon, so evidence of the nature and number of his prior convictions is inadmissible.**

The United States seeks to introduce evidence of the Defendant's past state felony convictions for armed robbery, kidnapping, breaking and entering, and larceny to prove that the Defendant is a convicted felon and knew he was a convicted felon. **Doc. 60 at 1-2**. *See Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). The Defendant has stipulated to being an individual with a past felony conviction and that he knew he had been convicted of a felony before the date of the alleged offense. **Docs. 67 at 1; 85.** Mr. Eddings also requested that (1) the United States refer to him as an individual with a previous felony conviction instead of a "felon" or "convicted felon" and (2) this Court provide an admonishment to the jury to not speculate about the nature of the felony, nor to consider it as evidence as to the other elements of the charged offense. *Id.* **at n.1.** The Defendant withdrew his request about the way the United States may refer to his past felony convictions at the pre-trial conference. **Doc. 81 at 1.**

The Federal Rules of Evidence provide that relevant evidence is admissible at trial. Fed. R. Evid. 401, 402. However, under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "There can be no question that evidence of the name or nature of the prior offense generally carries a risk of unfair prejudice to the defendant." *Old Chief v. United States*, 519 U.S. 172, 185 (1997). *See also United States v. Silva*, 889 F.3d 704, 713 (10th Cir. 2018). Rule

403 bars the inclusion of detailed evidence of prior felony convictions where equally probative but less prejudicial alternative evidence, like the stipulation of a prior felony conviction, is available. *Old Chief*, 519 U.S. at 191.

Because the Defendant is willing to stipulate being a person previously convicted of a felony and his knowledge of the felony on the date of the offense, the Court agrees that the inclusion of the name and nature of the Defendant's prior felony convictions would be unfairly prejudicial to him under Rule 403. **Doc. 67 at 1.** *See Old Chief*, 519 U.S. at 185, 191; Fed. R. Evid. 403. The Court therefore denies the entry of Mr. Eddings' prior felony convictions to prove that he was previously convicted of a felony or to prove his knowledge of his status as a convicted felon. Finally, the Court will consider a jury instruction that admonishes the jury to not speculate about the nature of the felony, nor to consider it as evidence as to the other elements of the charged offense. *See* **Doc. 67 at 1 n.1.**

2. **The Court reserves judgement on the admission of Mr. Eddings' prior conviction for stealing from a federal firearms licensee.**

The United States also seeks to admit evidence of Mr. Eddings' prior federal conviction for unlawfully stealing from a federal firearms licensee to establish Mr. Eddings' knowing possession of firearms in the instant case. **Docs. 57; 60 at 1; 67 at 2.** *See United States v. Griffin*, 389 F.3d 1100, 1103 (10th Cir. 2004). The government argues that the admission of this evidence is for a proper purpose under Rule 404(b)(2)—to prove Mr. Eddings' knowledge and intent, and to rebut the defenses of accident or mistake. **Doc. 57 at 2**; Fed. R. Evid. 404(b)(2). The Government also argues that any unfair prejudice to the Defendant can be mitigated by a jury instruction. **Doc. 57 at 9.** In response, the Defendant argues that the admission of evidence related to Mr. Eddings' previous firearms conviction is unrelated to his knowledge as to the possession of firearms in this case. **Doc. 67 at 3.**

3

Rule 404 prohibits admission into evidence of other crimes, wrongs, or acts to prove a person's character or to show that, on a particular occasion, the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). Prior bad acts evidence, or propensity evidence, may be admitted for the narrow purpose of proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of a mistake, or lack of accident. Fed. R. Evid. 404(b)(2). However, even if evidence is admissible under Rule 404(b), it can still be excluded under Rule 403 if its probative value is substantially outweighed by prejudice to the defendant. *United States v. Silva*, 889 F.3d 704, 711 (10th Cir. 2018).

The Tenth Circuit uses a four part test to determine if evidence is admissible under Rule 404(b): (i) the evidence must be offered for a proper purpose under Rule 404(b); (ii) the evidence must be relevant; (iii) the probative value of the evidence must not be substantially outweighed by its potential for unfair prejudice; and (iv) the trial court shall, upon request, instruct the jury under Rule 105 to consider the evidence only for the proper purpose for which it was admitted. *See United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014); *United States v. Davis*, 636 F.3d 1281, 1297 (10th Cir. 2011). Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and if the fact is of consequence in determining the action. Fed. R. Evid. 401.

The Defendant's prior knowledge of firearms is probative and relevant to whether the Defendant, in general, knew that he was possessing firearms in this case. **See Doc. 57 at 9; 67 at 3.** The Court acknowledges admission of the prior federal conviction for the purpose of proving that the Defendant was familiar with firearms is proper under Rule 404(b). *See* Fed. R. Evid. 404(b). However, a prior conviction for stealing from a federal firearms licensee is highly prejudicial, as it would tend

to portray the Defendant as a habitual criminal with a propensity to be armed with a firearm. *See* Rule 404(b)(1); 403; *Smalls*, 752 F.3d at 1237.

If the Defendant, at trial, introduces argument, witnesses or other evidence related to his general lack of knowledge of firearms or that his possession of a firearm was a mistake, the Court will allow the admission of his prior felony conviction for unlawfully stealing from a federal firearms licensee. The Defendant may, at that time, request an instruction to the jury to only consider the evidence for the purpose of establishing Mr. Eddings' knowing possession of a firearm. **See Doc. 57 at 9**; *Smalls*, 752 F.3d at 1237; *Davis*, 636 F.3d at 1297 (10th Cir. 2011). The Court therefore reserves judgement on this issue until the evidence is developed at trial.

**IT IS THEREFORE ORDERED** that:

- The Government's First Motion in Limine to Admit Prior Conviction Documents (**Doc. 60**) is **DENIED** in part.

- The Government's Second Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct (**Doc. 61**) is **GRANTED**.

- The Government's Third Motion in Limine to Prohibit Discussion of the Second Amendment (**Doc. 62**) is **GRANTED**.

- The Government's Fourth Motion in Limine to Exclude Evidence of Possible Penalties (**Doc. 63**) is **GRANTED**.

- The Government's Fifth Motion in Limine to Prohibit Discussion of Unproduced Defense Documents (**Doc. 64**) is **GRANTED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE