IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                                                                         Case No. 1:22-CR-300-KWR

WALTER PALMON EDDINGS,

    Defendant.

### ORDER ON GOVERNMENT'S OBJECTIONS TO THE DEFENDANT'S PROPOSED VOIR DIRE

THS MATTER is before the Court on the Government's Notice of Objections to the Defendant's Proposed Voir Dire (**Doc. 82**). After reviewing the pleadings and relevant law, the Court **OVERRULES** the Government's objections to questions 24 and 25 and **SUSTAINS** the Government's remaining objections to the Defendant's proposed voir dire.

Fed. R. Crim. P. Rule 24 (hereinafter "Rule 24") allows the Court and the counsel for the parties to examine the competency of prospective jurors to sit impartially on trial of the case. *Brundage v. United States*, 365 F.2d 616, 617-18 (10th Cir. 1966). The purpose of the voir dire examination is to determine whether prospective jurors are qualified, whether they have prejudged the case, and whether their minds are free from prejudice or bias so that the parties can decide whether they want to remove a juror for cause or through a peremptory challenge. *United States v. Kreuter*, 376 F.2d 654, 656-57 (10th Cir. 1967). However, the Court is not obliged to ask questions to prospective jurors that are argumentative, cumulative, or tangential. *Brundage,* 365 F.2d at 617-18. *See also United States v. Brewer*, 427 F.2d 409, 410 (10th Cir. 1970) ("The trial court has

broad discretion on questions to be asked on voir dire, subject to essential demands of fairness."). Based on these criteria, the Court rules on the Government's objections to the Defendant's voir dire as follows.

**Defendant's Proposed Question 2:** Mr. Eddings is charged with the Federal crimes of being a person who was convicted of a crime and being in possession of a firearm. He has stipulated that he has been convicted of a crime but is contesting whether he was in possession of a firearm as charged in the indictment. Will the fact that Mr. Eddings is an admitted felon make it difficult for you to presume him innocent and make the government prove his guilt beyond a reasonable doubt?

The Court **SUSTAINS** the Government's objection because the Defendant's characterization of his charge is confusing and misleading to prospective jurors, and therefore improper under Rule 24. The Court also agrees that this question improperly describes the Defendant's position as "contesting" the evidence against him. *See* Fed. R. Crim. P. 24.

**Defendant's Proposed Question 14:** Is it better to convict an innocent person or acquit someone who might be guilty?

The Court **SUSTAINS** the Government's objection because the question introduces a false dichotomy that is tangential to case. This question may also improperly prejudice potential jurors into assuming that the government seeks to charge and convict innocent people. *See Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 15:** The law says that if the government proves that a defendant is "more likely guilty than innocent", but not guilty "beyond a reasonable doubt", you must find the defendant not guilty. How do you feel about this standard of law?

The Court **SUSTAINS** the Government's objection because the proposed question includes elements that are not part of the Court's jury instruction on the Government's burden of

2

proof, which may improperly mislead a prospective juror. *See* Fed. R. Crim. P. 24; *Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 19:** What do you think we should do to avoid the conviction of innocent people in criminal prosecutions?

The Court **SUSTAINS** the Government's objection. The question is improperly misleading and suggests that a prospective juror may consider evidence or speculate about information extrinsic to what is admitted at trial. *See* Fed. R. Crim. P. 24.

**Defendant's Proposed Question 24:** Do you expect law enforcement to conduct fair investigations?

The Court **OVERRULES** the Government's objection. This question properly probes prospective jurors' general perspectives on the fairness of law enforcement investigations without introducing unnecessary prejudice regarding the fairness of this investigation. *See Kreuter*, 376 F.2d at 656-57.

**Defendant's Proposed Question 25:** Do we expect law enforcement to conduct thorough investigations?

The Court **OVERRULES** the Government's objection. This question properly probes prospective jurors' general perspectives on the thoroughness of law enforcement investigations without introducing unnecessary prejudice regarding the thoroughness of this investigation. *See Kreuter*, 376 F.2d at 656-57.

**Defendant's Proposed Question 26:** Do we expect law enforcement to make every effort to collect evidence in a case?

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 36:** Have any of you sat on a civil jury? Do you disagree that the government's burden should be higher (beyond a reasonable doubt) than the plaintiff's in a civil case (preponderance of the evidence)?

The Court **SUSTAINS** the Government's objection because references to the civil preponderance standard are tangential to the current criminal case and may improperly confuse prospective jurors about the applicable standard. *See* Fed. R. Crim. P. 24; *Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 38:** What interest might the police have in the outcome of a case that they are helping to prosecute? Why might a police officer say something that isn't true?

The Court **SUSTAINS** the Government's objection. The question is improperly misleading and suggests that a prospective juror may speculate about the motivations of a law enforcement officer outside of the evidence admitted in the case. *See* Fed. R. Crim. P. 24.

**Defendant's Proposed Question 47:** Give me an example of a time you felt that the police or government agents took shortcuts in investigating a case.

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

4

**Defendant's Proposed Question 48:** Do you believe that the police, or government agents ever take shortcuts when investigating a case?

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 49:** Why do you feel that government agents would take shortcuts in a case as serious as this one?

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 50:** What can happen if the police or government agents take shortcuts in possession of firearm cases?

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

**Defendant's Proposed Question 51:** How would you feel if government agents took shortcuts investigating a possession of firearm case and because of the shortcuts, they accused an innocent person of being involved?

The Court **SUSTAINS** the Government's objection. The question references arguments that are tangential to the case, after the Court granted the Government's Motion in Limine to Prohibit Unfounded Allegations of Government Misconduct. **Docs. 61, 81.** *See Brundage,* 365 F.2d at 617-18.

**<u>Defendant's Proposed Question 55, subsection 1:</u>** If you or a close relative was sitting in Mr. Eddings' place, would you want yourself on this jury?

The Court **SUSTAINS** the Government's objection because the question improperly asks a prospective juror to place themselves or a close family member in the place of Mr. Eddings. This hypothetical is tangential to the issues in the case. *See* Fed. R. Crim. P. 24; *Brundage,* 365 F.2d at 617-18.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE